NOT FOR PUBLICATION

**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JAMES GENCARELLI,                      :
                                       :   Civil Action No.: 04-3332 (JLL)
        Plaintiff,                    :
                                       :
v.                                     :   **OPINION & ORDER**
                                       :
SUPERIOR COURT OF NEW JERSEY,          :
BERGEN COUNTY PROBATION                :
DEPARTMENT, ET AL,                     :
                                       :
        Defendants.                   :
_____:

**APPEARANCES:**

JAMES GENCARELLI
189 East Broadway
New York, New York 10002
   and
P.O. Box 821
Saddle River, New Jersey 07458
      Plaintiff, pro se

**LINARES**, **District Judge:**

      Plaintiff James Gencarelli seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court (1) grants Mr. Gencarelli's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

      Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C.

§ 1915(e)(2), the Court concludes that Mr. Gencarelli's Complaint should be dismissed with prejudice as to both defendants,[1] for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff filed a Complaint on July 14, 2004 alleging that defendants, Superior Court of New Jersey [in Bergen County] and Bergen County Probation Department, engaged in "unconscionable, malicious and un-patriotic (un-American) acts of Judicial misconduct, malicious prosecution, violation of my 5th, 6th, and 7th Amendment to the Bill of Rights and title 6 of the Civil Rights of 1964. . . ." (Compl. ¶ 2). The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

This matter arose when plaintiff "voluntarily" appeared in the New Jersey Superior Court in Bergen County on a warrant.[2] (Compl. ¶ 1). According to plaintiff, when he appeared, the Presiding Judge ordered him arrested because he was in arrears on his child support payments. (Id.). Plaintiff was then allegedly denied his appearance in court on that date and was incarcerated in the county jail without medical aid, despite his request for medical assistance.[3] (Id.). The next day, plaintiff appeared in court and was purportedly verbally abused by the court officers when he requested that the handcuffs be removed. (Id.). He further states that, despite his medical disabilities and lack of financial means, the Probation Department insisted that he be re-incarcerated until he paid $1,000.00

---

[1] By using "et al." in the caption of his Complaint, plaintiff suggests that there are more than two defendants, however plaintiff only named and discussed facts relevant to defendant Superior Court of New Jersey and defendant Bergen County Probation Department. Since no other defendants are in this case, those are the only parties the Court will address.

[2] The Court notes that plaintiff fails to attribute any dates to any of the events in his allegations.

[3] Plaintiff does not identify his disability or what kind of medical aid he required.

of the $4,000.00 that was owed towards his arrears. (Id.). Moreover, that day in court, plaintiff contends that he was denied legal representation even though he had previously been entitled to legal aid due to his indigent status. (Id.). As a result of these actions, plaintiff asserts that he put himself "in danger of life, limb and possible harmful activities because of the coercion by the Defendant(s) to secure these funds," (id.), and he seeks $10 million in punitive damages against the defendants, Superior Court of New Jersey and Bergen County Probation Department, (Compl. Demand).

## II. STANDARDS FOR A § 1915(e)(2)(B) DISMISSAL

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

## III. ELEVENTH AMENDMENT IMMUNITY

Under the Eleventh Amendment, a federal court is prohibited from hearing a suit against a state unless the state has consented to such a suit. Camden County Recovery Coalition v. Camden City Bd. of Educ. for Public School Syst., 262 F. Supp. 2d 446, 448 (D.N.J. 2003). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

This Amendment not only prohibits suits against a state by citizens from other states, but it also prohibits suits against a state by its own citizens, Pennhurst State Sch. v. Halderman, 465 U.S. 89, 100 (1984), and bars suits "against a state agency or department," Kish v. Verniero, 212 B.R. 808, 814 (D.N.J. 1997). "A subdivision of the state itself is also not a 'person' if it is merely an alter ego or 'arm' of the state." Longoria v. State, 168 F. Supp. 2d 308, 315 (citing Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 658-59 (3d Cir.), cert. denied, 493 U.S. 850 (1995)).

Thus, even where the state is not a named party to the action, the suit will be barred so long as the state is the real party in interest. Camden County Recovery Coalition, 262 F. Supp. 2d at 448. "Therefore, absent waiver, neither a State, nor agencies under its control may be subjected to lawsuits in federal court." Doe v. Div. of Youth and Family Servs., 148 F. Supp. 2d 462, 483 (D.N.J. 2001). Moreover, regardless whether the suit is for monetary damages or injunctive relief, the Eleventh Amendment bars suits against a state in federal court. Camden County Recovery Coalition, 262 F. Supp. 2d at 448.

## IV. ANALYSIS

Liberally construing the allegations set forth in plaintiff's Complaint, as required under Haines, 404 U.S. at 520-21, the Court construes that plaintiff is raising the following claims against the Superior Court of New Jersey and the Bergen County Probation Department: (1) denial of medical care; (2) denial of access to the courts in violation of plaintiff's 6th Amendment right; (3) violation of plaintiff's 6th Amendment right to counsel; (4) judicial misconduct; (5) malicious prosecution; (6) violation of his 5th, 6th, and 7th Amendment rights; and (7) violation of Title VI of the Civil Rights Act of 1964. Although plaintiff fails to identify which claims are attributed to each defendant, it appears to the Court that based on the facts in the Complaint the following claims are asserted against the Superior Court of New Jersey: denial of access to the courts in violation of plaintiff's 6th Amendment right; violation of plaintiff's 6th Amendment right to counsel; judicial misconduct; violation of his 5th, 6th, and 7th Amendment rights; and violation of Title VI of the Civil Rights Act of 1964. It also appears that the denial of medical care and malicious prosecution claims are directed at the Bergen County Probation Department.

It is settled law in New Jersey that the state judiciary "is an integral part of the state" and,

consequently, all claims against it are barred by the Eleventh Amendment. Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1177 (D.N.J. 1996) (holding that the Supreme Court of New Jersey is entitled to Eleventh Amendment immunity), aff'd, 118 F.3d 1575 (3d Cir. 1997); Johnson v. State of New Jersey, 869 F. Supp. 289, 296 (D.N.J. 1994) (holding that the Superior Court of New Jersey is entitled to Eleventh Amendment immunity). Therefore, the Superior Court of New Jersey is entitled to Eleventh Amendment immunity on all of the claims asserted. Accordingly, Plaintiff's Complaint against Defendant Superior Court of New Jersey is dismissed as it is barred by the Eleventh Amendment.

Although the Third Circuit and District of New Jersey have not specifically dealt with whether county probation departments are entitled to Eleventh Amendment immunity, other courts have. In those cases, the courts held that the Eleventh Amendment bars a damage action against such state agencies. See Evans v. Div. of Probation & Parole, 2004 U.S. Dist. LEXIS 17966, at *8 (D. Del. Aug. 25, 2004); Oliver v. Pa. Board of Probation & Parole, 1986 U.S. Dist. LEXIS 19431, at *2-3 (E.D. Pa. Oct. 7, 1986).

Since there has been no published New Jersey court finding with regard to county probation departments, the Court looks to statutory law and concludes that they are arms of the State entitled to Eleventh Amendment immunity. As a result of the State Judicial Unification Act, amended in 1994 ("1994 Act"), costs of the county probation departments are now paid by the State Treasury, and their employees are defined as judicial employees that are employees of the State. N.J.S.A. §§ 2B:10-3 and 4. Prior to the 1994 Act, judicial employees were funded by the twenty-one counties. See P.L.1994, c. 162, § 2. In amending the Act, the Legislature declared that in creating a "truly unified judiciary" it was necessary for the State to assume the costs of the judicial system. Id. Since

the state is the real party in interest, Camden County Recovery Coalition, 262 F. Supp. 2d at 448, meaning that the State Treasury would pay for a plaintiff's verdict, any claim in federal court against the Bergen County Probation Department is barred by the Eleventh Amendment.

Therefore, plaintiff's Complaint is dismissed for failure to state a claim for which relief can be granted because both defendants, the Superior Court of New Jersey and the Bergen County Probation Department, are entitled to immunity under the Eleventh Amendment of the United States Constitution and plaintiff's claims are barred.

## V.  CONCLUSION

For the reasons stated herein, it is on this 21ST day of June, 2005, hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1915, plaintiff's application to proceed in forma pauperis is **GRANTED**; and it is further

**ORDERED** that plaintiff's Complaint is **DISMISSED** with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

This case is **CLOSED**.


DATED: June 21, 2005

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE